UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES DODD,

    Plaintiff,                                          CASE NO.

v.

WINDHAM PROFESSIONALS,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, JAMES DODD ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, WINDHAM PROFESSIONALS ("Defendant"), alleges and affirmatively states as follows:

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

3. Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person who resides in Destin, Okaloosa County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff is informed, believes, and thereon alleges, that Defendant is a company with a business office located in Salem, New Hampshire.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant places collection calls to Plaintiff on a daily basis.

14. Defendant places collection calls to Plaintiff from: 877-682-4849.

15. Defendant places collection calls to Plaintiff on his cellular phone: 850-461-1746.

16. Defendant accused Plaintiff of lying when he explained his current economic hardship.

17. Defendant disclosed details of Plaintiff's alleged debt to Plaintiff's father.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

17. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

a) Defendant violated §*1692b(2)* of the FDCPA by stating Plaintiff owes a debt to Plaintiff's father.

b) Defendant violated *§1692c(b)* of the FDCPA by communicating with Plaintiff's father in connection with the collection of Plaintiff's debt.

c) Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff..

e) Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by disclosing details of Plaintiff's alleged debt to a third party.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

18. Statutory damages of $1000.00, pursuant to the FDCPA, 15 U.S.C. 1692k.

19. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k.

20. Any other relief that this court deems to be just and proper.

                                        RESPECTFULLY SUBMITTED,

                    By:  /s/ Nicholas J. Bontrager
                         Nicholas J. Bontrager
                         Krohn & Moss, Ltd
                         10474 Santa Monica Blvd., Suite 401
                         Los Angeles, CA 90025
                         Phone: (323) 988-2400 x229
                         Fax:    (866) 802-0021
                         nbontrager@consumerlawcenter.com
                         Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES DODD hereby demands trial by jury in this action.